IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NALCO COMPANY, | : |
| Plaintiff, | : |
| v. | : C.A. No. 13-1063-LPS |
| AP TECH GROUP INC., | : |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court in this patent infringement case is Defendant AP Tech Group Inc.'s ("APT") motion to transfer to the Southern District of Ohio ("Southern District"), pursuant to 28 U.S.C. § 1404(a). (D.I. 11) Such motions require a case-specific consideration of the circumstances presented and a weighing of several factors, including those identified by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *see also, e.g., Intellectual Ventures I LLC v. Altera Corp.*, 2012 WL 297720 (D. Del. Jan. 24, 2012). Having considered the *Jumara* factors and this Court's related decisions applying them, the Court finds all but one of the factors involved in the present case are either neutral or weigh in favor of transfer. Accordingly, APT's motion to transfer (D.I. 11) is GRANTED, for the following reasons.

1. The choice of forum of Plaintiff, Nalco Company ("Nalco"), disfavors transfer. However, the amount of deference to be given to Nalco's choice of forum is somewhat reduced given that Delaware is not Nalco's "home turf." *See In re Link_A_Media Devices Corp.*, 662

1

F.3d 1221, 1223 (Fed. Cir. 2011) ("When a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference."). Nalco is an Illinois corporation with its principal place of business in Naperville, Illinois. (D.I. 1 ¶ 1 ) While Nalco has at least one rational and legitimate reason for suing APT in Delaware – APT is a Delaware corporation – this factor is not dispositive.

2. Defendant's choice of the Southern District, of course, weighs in favor of transfer. APT's principal place of business is Cincinnati, Ohio which is in the Southern District. (D.I. 12 at 7) APT is a Delaware corporation, which, as already noted, is a relevant but not controlling factor.[1]

3. The relative convenience of the parties factor strongly favors transfer. APT is a small regional company with only 12 employees, all of whom are employed in Cincinnati. (D.I. 12 at 7) By contrast, Nalco is a large company with over $4.3 billion in annual sales (as of 2010) and over 3,000 employees in North America. (D.I. 12 at 8) The Southern District is the home of APT's headquarters and Cincinnati is approximately 450 miles closer to Nalco's principal place of business than is Wilmington, Delaware. (D.I. 12 at 8 n.2) In addition, Nalco maintains a location in Cincinnati, but has no location in Delaware. (D.I. 12 at 8)

4. Moreover, APT conducts all of its research and development, marketing, and sales

---

[1] The parties dispute whether APT has made any sales of the accused product in Delaware, with their disagreement centering on whether the relevant product is EnduroSolv® or EnduroSolv® with duroTrace™. Nalco has alleged only that former was sold in Delaware. APT provides several persuasive arguments as to why only the latter is at issue; most significantly, EnduroSolv® without the duroTrace™ additive was available for sale three years prior to the filing of the patent-in-suit. (D.I. 17 at 2 n.4) It appears, then, that only EnduroSolv® with duroTrace™ is accused of infringement and Nalco has not alleged that any of this product was sold in Delaware.

out of the Southern District. (D.I. 12 at 10) ("APT's activities with respect to the Accused Product have been far more regional than national in nature.") Therefore, Nalco's claims arise from products developed, marketed, and sold out of the Southern District. This favors transfer.

5. Finally, all of APT's books and records are kept in the Southern District. (D.I. 12 at 11) Technological advances, absent unusual circumstances, have significantly reduced the burden of transferring evidence, and, consequently, have diminished the importance of this factor in a transfer analysis. *See, e.g., Nihon Tsushin Kabushkiki Kaisha v. Davidson*, 595 F.Supp.2d 363, 372 (D. Del. 2009). Nonetheless, plainly this factor favors transfer.

6. All of the other *Jumara* factors are either neutral or favor transfer. Overall, then, APT has met its heavy burden of demonstrating that this case should be transferred to the Southern District.

Accordingly, IT IS HEREBY ORDERED that Defendant APT's motion to transfer this action to the Southern District of Ohio (D.I. 11) is GRANTED. The Clerk of Court is directed to TRANSFER this action to the United States District Court for the Southern District of Ohio.

August 8, 2014  
Wilmington, Delaware  

UNITED STATES DISTRICT JUDGE

3